IN THE UNITED STATES DISTRICT COURT
FOR THE
FIRST DISTRICT OF MASSACHUSETTS
CIVIL DIVISION

JOHN DIAZ, PRO-SE
    PLAINTIFF

V.

THOMAS TURCO, CAROL MICI,
STEVEN KENNEWAY, DEAN GRAY
THOMAS TOCCI, BETHANY HISMAN,
MATTHEW McBRIDE, TIMOTHY HEDGE,
MATTHEW McGURN, MICHAEL
WETHERBEE, LARRY AMBLO,
JORDI TRONCOSO, JONATHAN TOLOCZKO,
ROBERTO SANTOS, AND JOE PRADO
(THE DEFENDANTS ARE BEING SUED IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES)

CASE NO. _____

JURY TRIAL DEMANDED

FILED IN CLERKS OFFICE
2020 DEC -2 AM 11:50
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT

### I. JURISDICTION

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.

2. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331, AND SECTION 1343(a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201, AND SECTION 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283, AND SECTION 2284, AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

## II. VENUE

3. THE UNITED STATES DISTRICT COURT FOR THE FIRST DISTRICT OF MASSACHUSETTS, IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED.

## III. PARTIES

4. PLAINTIFF, JOHN DIAZ, PRO-SE, ACTING ON HIS OWN BEHALF, IS A CONVICTED AND SENTENCED STATE PRISONER. HE IS CURRENTLY LOCATED AT THE SOUZA-BARANOWSKI CORRECTIONAL CENTER (SBCC): P.O. BOX 8000, SHIRLEY, MA 01464.

5. DEFENDANT, THOMAS TURCO, IS THE MASSACHUSETTS SECRETARY FOR PUBLIC SAFETY. HE IS LOCATED AT: ONE ASHBURTON PLACE, SUITE 2133, BOSTON, MA 02108.

6. DEFENDANT CAROL MICI, IS THE COMMISSIONER FOR THE MASSACHUSETTS DEPARTMENT OF CORRECTION. SHE IS LOCATED AT: 50 MAPLE STREET, MILFORD, MA 01757.

7. DEFENDANT STEVEN KENNEWAY, WAS THE SUPERINTENDENT OF THE SOUZA-BARANOWSKI CORRECTIONAL CENTER (SBCC). HE CAN BE CURRENTLY LOCATED AT: MCI-SHIRLEY, P.O. BOX 1218, HARVARD ROAD, SHIRLEY, MA 01464.

8. DEFENDANT DEAN GRAY, IS THE ACTING SUPERINTENDENT OF THE SOUZA-BARANOWSKI CORRECTIONAL CENTER (SBCC). HE CAN BE CURRENTLY LOCATED AT: SOUZA-BARANOWSKI CORRECTIONAL CENTER, P.O. BOX 8000, SHIRLEY, MA, 01464.

9. DEFENDANT THOMAS TOCCI, IS THE CHIEF GRIEVANCE OFFICER AT SBCC. HE CAN BE CURRENTLY LOCATED AT: SOUZA-BARANOWSKI CORRECTIONAL CENTER, P.O. BOX 8000, SHIRLEY, MA, 01464.

10. DEFENDANT BETHANY HISMAN, IS A GRIEVANCE OFFICER AT SBCC. SHE CAN BE CURRENTLY LOCATED AT: SOUZA-BARANOWSKI CORRECTIONAL CENTER, P.O. BOX 8000, SHIRLEY, MA, 01464.

11. DEFENDANT MATTHEW McBRIDE, IS AN INNER PERIMETER SECURITY OFFICER (IPS). HE CAN BE CURRENTLY LOCATED AT: SOUZA-BARANOWSKI CORRECTIONAL CENTER, P.O. BOX 8000, SHIRLEY, MA 01464.

12. Defendant Timothy Hedge, is an inner perimeter security officer (IPS). He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

13. Defendant Mattew McGurn, is an inner perimeter security officer (IPS). He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

14. Defendant Michael Wetherbee, is an SBCC disciplinary officer. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA, 01464.

15. Defendant Larry Amblo, is an SBCC disciplinary officer. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA, 01464.

16. Defendant Jordi Troncoso, is an SBCC disciplinary officer. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

17. Defendant Jonathan Toloczko, is an SBCC Hearing Officer. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

18. Defendant Roberto Santos, is an SBCC Hearing Officer. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

19. Defendant Joe Prado, is the SBCC Mailroom Supervisor. He can be currently located at: Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

20. Each Defendant is being sued in their individual and official capacities. At all times mentioned in this complaint, each Defendant acted under color of state law.

## IV. FACTS

21. In January, 2018, Plaintiff Diaz, did file his non-frivolous civil action #1885-CV-00115C, in Commonwealth of Massachusetts, Worcester Superior Court.

22. Immediately after plaintiff Diaz, placed his non-frivolous civil complaint in the prison mailbox, the defendants locked plaintiff Diaz, in his cell, the next morning, with no reason given.

23. Shortly thereafter, plaintiff Diaz, was from his general population cell, and placed on a punishment housing unit, with severe restrictions, including denial of access to the prison library. This was arbitrarily done with no disciplinary infraction committed by plaintiff Diaz, nor any due process afforded. This began the day after plaintiff Diaz, placed his non-frivolous civil complaint, in the prison mailbox.

24. The severe restrictions included sanctions that the prison administration reserves as punishment sanctions encompassed in the 103 CMR 430:00 inmate disciplinary policy. Yet plaintiff Diaz, committed no disciplinary infractions at that time, nor was plaintiff Diaz, afforded any due process protections, in the form of a hearing, to challenge the sanctions imposed.

25. THE PRISON MAILROOM SUPERVISOR, BEGAN AN IMMEDIATE CAMPAIGN OF OPENING, READING, AND TAMPERING WITH PLAINTIFF DIAZ'S CLEARLY MARKED LEGAL MAIL, OUTSIDE OF HIS PRESENCE.

26. ON MAY 17, 2018, DEFENDANT McBRIDE, ORDERED PLAINTIFF DIAZ, TO SPEAK TO HIM, REGARDING AN ALTERCATION BETWEEN TWO PRISON INMATES, NOT ASSOCIATED IN ANY WAY WITH PLAINTIFF DIAZ. PLAINTIFF DIAZ, REFUSED TO SPEAK TO DEFENDANT McBRIDE, FOR FEAR OF BEING LABLED A PRISON INFORMANT. DEFENDANT McBRIDE ISSUED PLAINTIFF DIAZ, DISCIPLINARY REPORT # 412023.

27. PLAINTIFF DIAZ, WAS FINALLY RETURNED TO THE GENERAL POPULATION HOUSING UNIT ON JULY 27, 2018. HOWEVER, THE DEFENDANTS CONTINUED TO INTERFERE WITH PLAINTIFF DIAZ'S CLEARLY MARKED LEGAL MAIL. PLAINTIFF DIAZ, FILED SEVERAL GRIEVANCES WITH DEFENDANT TOCCI. DEFENDANT TOCCI, CLAIMED THAT THE CONTINUED INTERFERENCE WITH PLAINTIFF'S CLEARLY MARKED LEGAL MAIL, WAS BEING DONE "BY ACCIDENT". AND THAT IT WOULD NOT HAPPEN AGAIN. YET THE PATTERN CONTINUED.

PAGE 8

28. ON AUGUST 29, 2018, DEFENDANT HEDGE, ORDERED PLAINTIFF DIAZ, TO SPEAK TO H.M, REGARDING AN INCIDENT INVOLVING OTHER INMATES NOT ASSOCIATED WITH PLAINTIFF DIAZ. PLAINTIFF DIAZ, REFUSED TO SPEAK TO DEFENDANT HEDGE, FOR FEAR OF BEING LABLED AS A PRISON INFORMANT. DEFENDANT HEDGE, ISSUED PLAINTIFF DIAZ, DISCIPLINARY REPORT # 418519.

29. ON AUGUST 13, 2019, DEFENDANT McGURN, ORDERED PLAINTIFF DIAZ, TO SPEAK TO HIM REGARDING AN ALTERCATION BETWEEN OTHER PRISON INMATES NOT ASSOCIATED WITH PLAINTIFF DIAZ. PLAINTIFF DIAZ, REFUSED TO SPEAK WITH DEFENDANT McGURN, FOR FEAR OF BEING LABLED A PRISON INFORMANT. DEFENDANT McGURN, ISSUED PLAINTIFF DIAZ, DISCIPLINARY REPORT # 442921.

30. FOR EACH DISCIPLINARY REPORT ISSUED TO PLAINTIFF DIAZ, DISCIPLINARY OFFICERS MICHAEL WETHERBEE, LAWRENCE AMBLO, AND JORDI TRONCOSO, REVIEWED AND AUTHORIZED THE DISCIPLINARY PROCESS TO PROCEED. HEARING OFFICERS TOLOCZKO, AND SANTOS, DID SANCTION PLAINTIFF DIAZ.

31. THROUGHOUT THE ENTIRE DURATION, THE DEFENDANTS CONTINUED TO OPEN, READ, AND TAMPER WITH PLAINTIFF'S CLEARLY MARKED LEGAL MAIL, OUTSIDE OF HIS PRESENCE.

32. In 2019, PLAINTIFF DIAZ, RECEIVED NOTICE FROM WORCESTER SUPERIOR COURT, THAT HIS NON-FRIVOLOUS CIVIL COMPLAINT HAD BEEN DISMISSED. THIS WAS DUE IN LARGE PART TO THE CONTRIBUTING FACTORS OF THE DEFENDANTS PLACING OBSTICLES (LEGAL MAIL INTERFERENCE, NO LIBRARY ACCES, LACK OF LAW BOOKS, DISABLING PLAINTIFF'S TELEPHONE P.I.N.# DENYING CALLS TO ATTORNEYS, ETC.) IN THE PATH OF PLAINTIFF DIAZ'S ABILITY TO PROPERLY LITIGATE HIS NON-FRIVOLOUS CIVIL ACTION.

33. PLAINTIFF DIAZ, DID ATTEMPT TO APPEAL HIS NON-FRIVOLOUS, WORCESTER SUPERIOR COURT, CIVIL ACTION. HOWEVER, THE FATAL BLOW TO HIS ABILITY TO APPEAL, OCCURRED WHEN, ON JANUARY 21, 2020, DEFENDANT KENNEWAY, ORDERED THE FORCED REMOVAL OF PLAINTIFF DIAZ, FROM HIS GENERAL POPULATION CELL, WITHOUT ANY DISCIPLINARY INFRACTION COMMITTED BY PLAINTIFF DIAZ, NOR ANY DUE PROCESS PROTECTIONS AFFORDED, AND ARBITRARILY PLACED PLAINTIFF DIAZ, IN DEFENDANT KENNEWAY'S NEWLY CREATED PUNISHMENT UNIT, WHERE PLAINTIFF DIAZ, WAS SEPARATED FROM ALL OF HIS PERSONAL PROPERTY, INCLUDING HIS LEGAL DOCUMENTS, AND HIS LAW BOOKS.

34. All of Plaintiff Diaz's property was removed from his cell by Department staff, and placed in the prison warehouse, where it was "mixed in" with hundreds of other prisoners' property.

35. The defendants have either "lost", or confiscated all of Plaintiff Diaz's law books, and confiscated or "lost", multiple folders containing Plaintiff Diaz's documents, relating to his non-frivolous dismissed civil action.

36. Plaintiff Diaz, remains on Kenneway's punishment unit, where the Superintendent continues to impose disciplinary sanctions, along with punishment sanctions not authorized, nor promulgated, with no disciplinary infractions committed by Plaintiff Diaz, nor any due process protections afforded.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. Plaintiff Diaz, has exhausted all administrative remedies.

## VI. LEGAL CLAIMS

38. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-37.

### COUNT #1
### VIOLATION OF STATE LAW:
### M.G.L.A. CH.127 §38E (a)(b)(2); AND (c)

39. DEFENDANTS VIOLATED STATE LAW, M.G.L.A CH. 127 §38E (a)(b)(2); AND (c) GRIEVANCE SYSTEM.

40. THE DEFENDANTS FAILURE TO COMPLY WITH THE MASSACHUSETTS DEPARTMENT OF CORRECTIONS REGULATIONS 103 CMR 491:00 INMATE GRIEVANCE REGULATIONS, TO AN IMPARTIAL RESOLUTION OF A GRIEVANCE FILED AGAINST THE DEPARTMENT, IT'S OFFICERS OR EMPLOYEES.

41. THE CONDUCT OF THE DEFENDANTS RESULTED IN THE PLAINTIFF BEING DENIED A FAIR AND IMPARTIAL RESOLUTION.

42. THE DEFENDANTS WHO HANDLED, AND ULTIMATELY RESPONDED TO THE PLAINTIFF'S GRIEVANCES, FAILED TO CORRECT THEIR ILLEGAL ACTIONS.

## COUNT #2
### VIOLATION OF STATE LAW: APPEAL FROM ADMINISTRATIVE AGENCY M.G.L.A. CH. 30 A  1 THROUGH 8

43. THE DEFENDANTS, DEPARTMENT EMPLOYEES, HAVE VIOLATED AGENCY REGULATIONS, WILLFULLY, MALICIOUSLY, IN A KNOWING PATTERN OF CONDUCT, OR SERIES OF ACTS, OVER A PERIOD OF TIME, DIRECTED AT THE PLAINTIFF, THAT HAS CAUSED THE PLAINTIFF TO SUFFER SUBSTANTIAL EMOTIONAL DISTRESS.

44. MASSACHUSETTS GENERAL LAWS ANNOTATED, CHAPTER 30 A § 1 THROUGH 8, ALLOWS THE PLAINTIFF TO APPEAL THE ADMINISTRATIVE AGENCIES OF THE COMMONWEALTH OF MASSACHUSETTS TO SEEK RELIEF.

## COUNT #3
### FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION
### FREE SPEECH

45. THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION, ALLOWS FOR THE RIGHT TO FREE SPEECH. FREE SPEECH IS THE RIGHT TO SPEAK, OR NOT TO SPEAK.

46. THE CONDUCT OF THE DEFENDANTS RESULTED IN THE PLAINTIFF BEING PUNITIVELY SANCTIONED FOR EXERCISING HIS FIRST AMENDMENT RIGHT NOT TO SPEAK.

## COUNT #4
### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### DUE PROCESS

47. THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ALLOWS FOR ALL CITIZENS, THE RIGHT TO DUE PROCESS

48. THE DEFENDANTS DENIAL OF DUE PROCESS TO THE PLAINTIFF, RESULTED IN THE DEFENDANTS PLACEMENT OF THE PLAINTIFF IN A PUNISHMENT UNIT, STRIPPED OF HIS LIBERTY, AND PROPERTY, WITH NO DUE PROCESS PROTECTIONS AFFORDED TO THE PLAINTIFF.

49. THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN, AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS, UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

## VII. PRAYER FOR RELIEF.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF:

50. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN, VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES, AND THE STATE OF MASSACHUSETTS.

51. A preliminary and permanent injunction ordering defendants to:

    A) Cease opening, reading, and tampering with plaintiff's legal mail, outside of his presence;

    B) Remove all illegal sanctions being imposed on the plaintiff;

    C) Return all of the plaintiff's property to him, including his legal books;

    D) Cease punishing plaintiff for remaining silent;

    E) Cease interfering with plaintiff's attempts to properly litigate in the courts.

52. Compensatory damages in the amount of $25,000.00, against each defendant, jointly and severally.

53. Punitive damages in the amount of $25,000.00 against each defendant.

54. A jury trial on all issues triable by jury.

55. Plaintiff's costs in this suit

Page 16

56. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

DATED: NOVEMBER 25, 2020

RESPECTFULLY SUBMITTED,

_____
JOHN DIAZ W62523
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE.
I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: NOVEMBER 25, 2020

_____
JOHN DIAZ, PRO-SE

PAGE 17