UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DIAZ, )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>THOMAS TURCO, Secretary of )<br>the Massachusetts Executive )<br>Office of Public Safety, et al., )<br>)<br>    **Defendants.** )<br>) | Civil Action No.<br>20-12159-FDS |

## ORDER

**SAYLOR, C.J.**

On February 3, 2021, the Court found that plaintiff's complaint failed to state plausible claims as to four defendants and allowed the claims to proceed against the remaining ten defendants. Docket No. 6. At that time, the clerk was directed to issue summons for nine of the remaining ten defendants. *Id.*

Now before the Court is plaintiff's motion for clarification as to whether to include Roberto Santos as a defendant. Docket No. 14. Upon review, the Court finds that a summons should have issued for Roberto Santos. Accordingly it is hereby ORDERED:

1. Plaintiff's motion (Docket No. 14) for clarification is GRANTED.

2. The clerk shall issue a summons for defendant Roberto Santos. The clerk shall send the summons, a copy of the complaint, and this Order to plaintiff, who must serve the defendant with these documents in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by plaintiff to do so, the United States

      Marshals Service shall serve the above-referenced documents and this Order upon defendant Santos, in the manner directed by plaintiff, with all costs of service to be advanced by the United States.

3.     The time limit to effect service of the summonses and complaint in this case is enlarged to a date 90-days after the date of this Order.

**So Ordered.**

                                      /s/ F. Dennis Saylor IV
                                      F. Dennis Saylor IV
                                      Chief Judge, United States District Court

Dated: March 18, 2021